ANNA FOLKEN, Appellant, v. JACOB HAHN *et al.*

**Assuming Mortgage: FAILURE TO PAY:** *Damages.* Defendant, having bought land of plaintiff, and assumed a mortgage on it and other lands belonging to plaintiff, which other lands were subject to junior mortgages, is not liable to plaintiff for the full amount of the mortgage on his failure to pay it, and the sale under foreclosure thereof, not only of plaintiff's lands, but of that bought by him from plaintiff.

*Burden of proof.* Plaintiff, alleging the sale by him to defendant of land, the assumption by defendant of a mortgage on such land and other lands owned by plaintiff, and defendant's failure to pay the mortgage, and seeking to recover damages because his lands were included in the foreclosure of the mortgage, has the burden of proving the damages suffered.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD, Judge.

WEDNESDAY, MAY 22, 1901.

ACTION to recover damages for failure of defendants to pay off an indebtedness secured by mortgage on two parts of lots in accordance with the stipulation in a deed conveying one of such part lots from plaintiff to defendants. Trial before the court without a jury. Judgments for defendants, from which plaintiff appeals.—*Affirmed.*

*George W. Bowen* for appellant.

*Salinger & Korte* for appellee.

McCLAIN, J.—It appears that after defendants took the conveyance from plaintiff, and assumed the payment of the mortgage on the conveyed premises which also covered other premises belonging to plaintiff, but incumbered with other liens junior to the mortgage, the holder of the mortgage obtained a decree in a foreclosure suit for the sale of the entire

premises covered by the mortgage; that is, the portion of lot conveyed by plaintiff to defendants, and another portion of lot belonging to plaintiff. It appears from the agreed statement of facts that the sheriff's return first made under this decree showed a sale of the entire premises in one lump, but that afterwards, and after going out of office, said sheriff amended his return so as to show that the part lot conveyed to defendants was first offered separately, and no bid being made therefor, then the entire premises covered by the mortgage were offered and sold together. In the view we take of the case, it is not necessary to discuss the validity of the amendment of the return. Conceding that the statements made in such return are true, it does not follow that the part lot conveyed to defendants did not constitute a valuable portion of the premises which were sold under the decree, and which the mortgagee bid in in satisfaction of his claim. The nature of a grantor's remedy against a grantee who has accepted a conveyance of premises, assuming payment of the mortgage indebtedness secured thereon, and has failed to pay such indebtedness, is not involved here; for in this case the situation of the parties has been changed by the foreclosure of the mortgage. If on foreclosure the premises had satisfied the amount of the mortgage debt, surely the grantor would have had no cause of action against the grantee. In this case it appears that the premises conveyed, and other premises belonging to plaintiff and covered by the same mortgage were sold in satisfaction of the mortgage; that is, the premises conveyed went to a partial satisfaction of the mortgage assumed by the defendants. It cannot be true, therefore, that plaintiff is entitled to recover from defendants the entire amount of the mortgage indebtedness assumed by the latter in the conveyance to them; and the question is, what is the measure of damages for defendants' partial failure? Unfortunately, on this question there was no evidence whatever. It does not appear whether plaintiff's equity in the part lot still belonging to her was of any value.

The certificate öf purchase at the foreclosure sale was assigned by the mortgagee who bought in the premises to a general lienholder, having a claim on the part lot retained by plaintiff; and it may be that in that way the value of such part lot went, to some extent, to the satisfaction of plaintiff's indebtedness to such junior lienholder. At any rate, there is nothing to show the value of the right which plaintiff lost by reason of the failure of defendants to pay off the mortgage, or the consequent foreclosure thereof against plaintiff's property. Plaintiff seems to have assumed that the burden was on defendants to show the extent to which their obligation to plaintiff with reference to the payment of this mortgage had been satisfied; but plaintiff has not put herself in position to insist upon this view, for she does not allege the failure of defendants to pay off the mortgage as her cause of action, but expressly seeks to recover damages because her property was included in the foreclosure of the mortgage which defendants agreed to pay off. Having alleged all the facts and set up a claim for damages, we think that the burden was upon her to prove the damage suffered

Appellant's motion to strike appellees' amended abstract and argument on the ground that it was not filed in time is overruled. It does not appear that appellant has suffered any prejudice from delay of appellees, and in such case we do not strike the papers from the files for that ground alone. —AFFIRMED.